

Cowan, Liebowitz & Latman, P.C.
114 West 47th Street
New York, NY 10036-1525

(212) 790-9200 Tel
(212) 575-0671 Fax
www.cll.com

**Richard Dannay**
(212) 790-9256
rxd@cll.com

September 25, 2018

<u>By Electronic Filing</u>

Honorable Anne Y. Shields
Magistrate Judge
U.S. District Court, EDNY
100 Federal Plaza
P.O. Box 830
Central Islip, NY 11722

    Re:    <u>The Teddy Bearys Ltd. v. Dover Publications, Inc., et al.</u>
            <u>No. 18-cv-3436</u>

Dear Judge Shields:

    I am counsel for the defendants. This letter motion, pursuant to this Court's Sept. 20 Civil Conference Minute Order, seeks a $10,000 security bond for costs under Local Civil Rule 54.2. I attempted to confer with plaintiff's counsel but he did not respond to my phone call.

    This is a copyright infringement action. The Copyright Act provides for the recovery of attorney's fees by the prevailing party in the Court's discretion, as part of "costs." 17 U.S.C. §505 (" . . . the court in its discretion may allow the recovery of full costs . . . [including] a reasonable attorney's fee to the prevailing party as part of the costs"). *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994) (attorney's fees); *Adsani v. Miller*, 1996 WL 531858 (S.D.N.Y. 1996) (same).

    Rules providing for security for costs in district courts have been held to permit requiring security for attorney's fees. See, e.g. *Montserrat Overseas Holdings, S.A. v. Larsen*, 709 F.2d 22, 24 (9th Cir. 1983); *Beverly Hills Design Studio (N.Y.) Inc. v. Morris*, 126 F.R.D. 33, 36-38 (S.D.N.Y. 1989) (Southern District of New York Civil Rule 39, now Rule 54.2, provides for a "bond for costs" or "security for costs," and those costs may include attorney's fees where a statute such as 17 U.S.C. §505 provides for them); *Herbstein v. Bruetman*, 141 F.R.D. 246, 247 (S.D.N.Y. 1992) (same). District courts have long administered trial bonds, with no suggestion that they have used them as "financial obstacles" to deter or frustrate litigation of cases in the first instance.

23535/001/2511634.1

Cowan, Liebowitz & Latman, P.C.
Honorable Anne Y. Shields
September 25, 2018
Page 2

The Second Circuit has held that "costs" under Fed. R. App. P. 7 (bond for costs on appeal) allows for a bond including attorney's fees where, pursuant to the underlying statute, attorney's fees were included in costs. *Adsani v. Miller*, 139 F. 3d 67 (2d Cir.), cert. denied, 525 U.S. 875 (1998) (copyright case).

Plaintiff is a resident of the United Kingdom with no assets in the United States. In this case, plaintiff, among other things, filed her complaint in June 2018 alleging infringement of her teddy bear image appearing on one internal page of defendants' 32-page book, which was first published without geographic or other restriction in 1985 and for 25 years remained continuously in print and on sale until 2010, when it was placed out of print and off sale. The copyright statute of limitations is three years after accrual of the claim. 17 U.S.C. §507 (b). Under these circumstances, any litigant would pose a potential payment risk.

A $10,000 security bond is modest and appropriate for the outset of a litigation. *Adsani*, 139 F. 3d at 69 (district court ordered Adsani, U.K. resident with no assets in U.S., to post $10,000 bond at outset of action; later amended order to increase bond to $50,000).

Defendants respectfully request a $10,000 security bond under Local Civil Rule 54.2.

Respectfully submitted,

Richard Dannay

cc:   Baruch Gottesman, Esq.
      Attorney for Plaintiff
      (By electronic filing)

23535/001/2511634.1